IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| EARL J. HIBBITTS    . | : |
|  | : C.A. No. 08C-501 |
| v. | : |
| CHARLES HALE,  INDIAN RIVER | : |
| TRANSPORT, INC. HERITAGE EQUIPMENT | : |
| LEASING, LLC and HERITAGE | : |
| MANAGEMENT GROUP, INC. | : |

## ANSWER

Defendants, Charles Hale, Indian River Transport, Inc., Heritage Equipment Leasing, LLC  and Heritage Management Group, Inc. by and through their attorneys, Rawle and Henderson, LLP, respectfully Answer the Complaint and aver as follows:

1.  Denied in part and admitted in part. .  After reasonable investigation defendants are without sufficient information to admit or deny the truth of the averment contained herein.  By way of further answer, it is admitted only  that a the aforesaid location and date there was an impact between vehicles.  Additionally, The allegations contained in paragraph 1 of the Complaint are denied as conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure.  To the extent that an Answer is required, Defendants specifically deny any and all allegations of negligence.  Strict proof of same will be required at trial.

2.     (a-j)    Denied.  The allegations contained in paragraphs 2 and subparts a through j of the Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure.  To the extent that an answer is required, Defendants specifically deny any and all allegations of negligence.  Strict proof of same will be required at trial.

3.        Denied in part and admitted in part.  It is admitted only that at all material times hereto  Charles Hale was employed by Indian River Transport, Inc.  It is specifically denied that Charles Hale was the agent, servant and or employee of  Heritage equipment Leasing, LLC or

2505534-1

Heritage management Group, Inc. The balance of the allegations contained in paragraph 3 of the Complaint are denied as conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. (See attached affidavit). By way of further answer, Defendants specifically deny any and all allegations of negligence. Strict proof of same will be required at trial.

    4.    Denied. Defendants are without sufficient information to form a belief as to the truth of the averments contained herein and therefore same are denied. Strict proof will be required at the time of trial. By way of further answer, the allegations contained in paragraph 4 of the Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, Defendants deny any and all negligence.

WHEREFORE, defendants, Charles Hale, Indian River Transport, Inc., Heritage Equipment Leasing, LLC and Heritage Management Group, Inc., demand that the Complaint be dismissed, and that judgment be rendered in its favor and against plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

This Court lacks subject matter jurisdiction

### SECOND SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD SEPARATE DEFENSE

Upon information and belief, the injuries and/or damages alleged by plaintiff, if any, were caused solely or in part by the negligence of plaintiff, or third parties over whom defendants had no responsibility.

## FOURTH SEPARATE DEFENSE

If the event alleged in the Complaint occurred as alleged by plaintiff which is denied, it was in no way caused by an act or omission on the part of defendants.

## FIFTH SEPARATE DEFENSE

No conduct on the part of defendants contributed to plaintiff's alleged injuries and/or damages.

## SIXTH SEPARATE DEFENSE

Damages allegedly sustained by the plaintiff, if any, were entirely or substantially caused by the negligence of plaintiff, including contributory negligence, comparative negligence, assumption of the risk and/or the negligence of other parties or persons for whom defendants had no responsibility, and not by the culpable conduct or negligence of the defendants.

## SEVENTH SEPARATE DEFENSE

Defendants claim all defenses available to them under the provisions of 21 Del.C. §2118, Delaware's Financial Responsibility Law or other applicable No-Fault statute.

## EIGHTH SEPARATE DEFENSE

Upon information and belief, the injuries and/or damages complained of by plaintiff pre-existed or were sustained after the accident which is the subject matter of the Complaint.

## NINTH SEPARATE DEFENSE

Service of Process was improper and/or insufficient.

## TENTH SEPARATE DEFENSE

This Honorable Court lacks personal jurisdiction over defendants.

## ELEVENTH SEPARATE DEFENSE

Plaintiff failed to mitigate his damages.

2505534-1

## TWELFTH SEPARATE DEFENSE

Any alleged occurrence complained of by plaintiff, said occurrence being specifically denied by defendants, was the result of an unavoidable accident or sudden emergency.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by 49 U.S.C. §30106.

WHEREFORE, defendants, Charles Hale, Indian River Transport, Inc., Heritage Equipment Leasing, LLC and Heritage Management Group, Inc., demand that the Complaint be dismissed, and that judgment be rendered in its favor and against plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

RAWLE & HENDERSON LLP

BY: _____
Delia A. Clark (3337)
300 Delaware Ave. – Suite 1015
Wilmington, DE 19801
(302)778-1200
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Delia Clark, certify that a true and correct copy of Defendants Answer to Plaintiff's Complaint was served electronically and via first class mail on the persons listed below:

Lawrance Spiller Kimmel, Esquire
Kimmel, Carter, Roman & Peltz, P.A.
56 W. Main Street, Fourth Floor
Plaza 273
Newark, DE 19702

                                  RAWLE & HENDERSON LLP

                                  Delia A. Clark

Dated: August 15, 2008

                                  RAWLE & HENDERSON LLP

                                By:_____
                                  Delia A. Clark (DAC #3337)
                                  Attorneys for Defendants,
                                  Charles Hale, Indian River Transport, Inc.

2505534-1

                                                      Heritage Equipment Leasing, LLC, and
                                                      Heritage Management Group, Inc.
                                                      300 Delaware Avenue, Ste. 1015
                                                      Wilmington, DE 19801
                                                      (302) 778-1200

Date:  August 8, 2008

2505534-1

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within-captioned Notice of Removal Pursuant to 28 U.S.C. §1446(d) was served via first-class mail, postage prepaid, on counsel for plaintiff listed below:

> Lawrance Spiller Kimmel, Esquire
> Kimmel, Carter, Roman & Peltz, P.A.
> 56 W. Main Street, Fourth Floor
> Plaza 273
> Newark, DE 19702

RAWLE & HENDERSON LLP

_____
Delia A. Clark

Dated: August 8, 2008

2505534-1

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EARL J. HIBBITTS | : | |
| | : | C.A. No. |
| v. | : | |
| | : | |
| CHARLES HALE, INDIAN RIVER TRANSPORT, INC., HERITAGE EQUIPMENT LEASING, LLC. and HERITAGE MANAGEMENT GROUP, INC. | : : : : | |

### AFFIDAVIT PURSUANT TO 10 DEL. C. § 3916

I, Buck Merritt, of due age and under oath do hereby state as follows:

1. I am Safety Director for Indian River Transport, Inc.

2. Based upon employment records, Charles Hale was employed by Indian River transport, Inc.

3. Charles Hale was not employed by Heritage Equipment Leasing, LLC or Heritage Management Group, Inc. on the date of the accident July 18, 2006.

4. At no time relevant hereto was Charles Hale the servant, agent or employee of either Heritage Equipment Leasing, LLC or Heritage Management Group, Inc..

I have read the above statements and certify same to be correct to the best of my knowledge and belief.

_____
Buck Merritt

SWORN TO AND SUBSCRIBED        August
BEFORE ME ON THIS 15 DAY OF ~~July~~, 2008

_____
Nancy K Whitaker
Notary Public

Notary Public State of Florida
Nancy K Whitaker
My Commission DD686129
Expires 04/07/2011

2490129-1